FILED
United States Court of Appeals
Tenth Circuit

March 31, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ESEQUIEL PULIDO-PEDROSA,

Defendant - Appellant.

No. 08-8083

D. Wyoming

(D.C. Nos. 05-CV-00191-CAB and
02-CR-00190-CAB-1)

---

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **ANDERSON**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this proceeding. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case

is therefore ordered submitted without oral argument.

Petitioner and appellant, Esequiel Pulido-Pedrosa, proceeding *pro se*, seeks

a certificate of appealability ("COA") to enable him to appeal the district court's

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

order denying his 28 U.S.C. § 2255 petition to vacate, modify, or set aside his sentence. For substantially the same reasons that the district court set forth in its well-reasoned order, we deny Pulido-Pedrosa's application for a COA and dismiss this matter.

## BACKGROUND

As we stated in our decision affirming Pulido-Pedrosa's conviction on direct appeal, Pulido-Pedrosa, along with a co-defendant, was found guilty by a jury of "possessing with intent to distribute, and conspiracy to possess with intent to distribute, methamphetamine." United States v. Pulido-Jacobo , 377 F.3d 1124, 1128 (10th Cir. 2004). Additionally, Pulido-Pedrosa pled guilty to illegally re-entering the United States after previously being deported, in violation of 8 U.S.C. §§ 1326(a)(1)and (b)(2). He was sentenced to life imprisonment on the methamphetamine charges and twenty years on the illegal re-entry charge, all to run concurrently. We affirmed his conviction and sentence. Pulido-Jacobo, 377 F.3d 1124. The United States Supreme Court denied Pulido-Pedrosa's petition for a writ of certiorari. Pulido-Pedrosa v. United States, 543 U.S. 1030 (2004).

Pulido-Pedrosa then filed the instant § 2255 petition, alleging: (1) that his convictions on the methamphetamine counts should be set aside for insufficient evidence; (2) that his sentence was unlawful in light of United States v. Booker, 543 U.S. 220 (2005); and (3) that his attorney was constitutionally ineffective.

The court determined that an evidentiary hearing was unnecessary. Order at 20, R. Vol. One, tab 11 ("The files and the records in this case conclusively illustrate that the Petitioner is not entitled to any relief. Accordingly, no evidentiary hearing is required."). The district court then denied Pulido-Pedrosa's petition. The court did not issue a COA, and we therefore presume it was denied. See 10th Cir. R. 22.1(C).

**DISCUSSION**

Pulido-Pedrosa has filed a request for a COA as well as a *pro se* appellate brief. We, therefore, must first address whether to grant Pulido-Pedrosa a COA to enable him to appeal the district court's denial of his § 2255 motion.

In order to obtain a COA, an appellant must make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003). In addressing this question, we review Pulido-Pedrosa's *pro se* filings with special solicitude. See Van Deelen v. Johnson, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007). Even according Pulido-Pedrosa's materials such a solicitous construction, we conclude, based upon our own review of the record in this case, and for substantially the reasons given by the district court, that no reasonable jurist

could debate the correctness of the district court's ruling. Pulido-Pedrosa's request for a COA is therefore denied and this matter is dismissed.[1]

## CONCLUSION

For the foregoing reasons, we DENY a COA and DISMISS this matter.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

---

[1]Pulido-Pedrosa's motion to proceed *in forma pauperis* is also denied.